UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM ALLEN GARRETT,<br>Plaintiff,<br>v.<br>ADJOIN HOUSING PROGRAM, et al.,<br>Defendants. | Case No.: 3:26-cv-5665-CAB-SBC<br><br>**ORDER:**<br>**(1) DENYING MOTION TO PROCEED IFP, [Doc. No. 2]; and**<br><br>**(2) DISMISSING COMPLAINT WITH LEAVE TO AMEND, [Doc. No. 1].** |

Before the Court is Plaintiff William Allen Garrett's motion for leave to proceed *in forma pauperis* ("IFP").[1] [Doc. No. 2.] Plaintiff filed his IFP motion in connection with a complaint against Defendants Adjoin Housing Program, Hermosa Vista Apartment, and Motel 6 Chula Vista California pursuant to 42 U.S.C. § 1983. [Doc. No. 1 ("Complaint").]

[1] On October 17, 2025, Plaintiff filed a motion for leave to proceed IFP in case 3:25-cv-02801-CAB-SBC ("*Garrett I*") in connection with a complaint arising from the same nucleus of operative facts. The Court denied that IFP application because Plaintiff had submitted an incomplete affidavit. The Court also screened his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and *sua sponte* dismissed the complaint because Plaintiff had not plausibly alleged that any defendants were acting under color of state law. The Court also granted Plaintiff 30 days to amend. Plaintiff failed to file an amended complaint, and the Clerk of Court closed *Garrett I* on March 19, 2026.

Plaintiff alleges Defendants violated his constitutional rights by terminating him from the Adjoin Housing Program and falsely reporting an eviction in his file. [*Id.* at 3–4.]

## I. REQUEST TO PROCEED IFP

Generally, all parties instituting a civil action in this Court must pay a filing fee. *See* 28 U.S.C. § 1914(a); CivLR 4.5(a). But under 28 U.S.C. § 1915(a), the Court may authorize any suit's commencement, prosecution, or defense without payment of fees if the plaintiff submits an affidavit, including a statement of all his or her assets, showing he or she is unable to pay filing fees or costs. "An affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life." *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015). "[A] plaintiff seeking IFP status must allege poverty with some particularity, definiteness and certainty." *Id.* (internal quotation marks omitted). Granting or denying leave to proceed IFP in civil cases is within the district court's sound discretion. *Venable v. Meyers*, 500 F.2d 1215, 1216 (9th Cir. 1974) (citations omitted).

Plaintiff states his income is $1,336 per month from disability payments. [Doc. No. 2 at 3.] Plaintiff states his expenses, including food and clothing, total $300 per month. [*Id.* at 5.] Therefore, Plaintiff has shown an ability to pay the filing fee in total. Accordingly, the Court **DENIES** his motion to proceed IFP. If Plaintiff wishes to pursue his case, he must pay the required civil filing fees.

## II. SCREENING PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)

The Court must screen the complaint and *sua sponte* dismiss it to the extent that it is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. 28 U.S.C. § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc). Section 1915(e)(2)(B) is not limited to prisoners; instead, it applies to all IFP pleadings. *See Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001). "The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6)

standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012).

To state a claim under § 1983, a plaintiff must plausibly allege "both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." *Tsao v. Desert Palace, Inc.,* 698 F.3d 1128, 1138 (9th Cir. 2012). "Action under color of state law normally consists of action taken by a public agency or officer." *Taylor v. First Wyoming Bank, N.A.*, 707 F.2d 388, 389 (9th Cir. 1983). A private party's action, without something more, is insufficient to characterize that party as a state actor. *See id.* However, "[a] private action may constitute an action under color of state law if the private person wilfully participates in joint action with the state or its agents," or "if it constitutes the exercise of some power delegated to the private person by the state which is traditionally associated with sovereignty or is traditionally exclusively reserved to the state." *Id.* (internal quotation marks and alterations omitted).

Plaintiff has not plausibly alleged that any Defendants were acting under color of state law. Although Plaintiff alleges "Adjoin Housing Program is a non-profit federally funded program[,]" [Complaint at 5], he does not plausibly allege that any defendant is a public agency or officer, that they acted jointly with a government entity, or that their actions constitute exercise of some power, such as policing, traditionally associated with a governmental entity.[2] Although there are cases where certain housing entities were found to have acted under color of state law, those involved ownership or significant management by a government agency. *See, e.g., Mendoza v. Frenchman Hill Apartments Ltd. P'ship*, No. 2:03-CV-494-RHW, 2005 WL 6581642, at *2 (E.D. Wash. Jan. 20, 2005) (finding

[2] The Court notes that receipt of government funding or compliance with generally applicable laws, without more, is insufficient to constitute state action. *Heineke v. Santa Clara Univ.*, 965 F.3d 1009, 1013 (9th Cir. 2020); *see also Kabbani v. Council House, Inc.*, 406 F. Supp. 2d 1189, 1193 (W.D. Wash. 2005) ("Not every private entity that provides Section 8 housing is a state actor.").

state action pleaded where county agency was general management partner and participated in the daily decisions of the housing complex).

Furthermore, Plaintiff makes a conclusory contention that "Hermosa Vista apartment Manager and Owner[] is a state agency[,]" without any factual allegations to support that conclusion. [Complaint at 5.] A conclusory contention that a defendant is a state actor, unsupported by factual allegations, is insufficient to proceed on a § 1983 claim. *Hurt v. Kuehnert*, No. 5:19-CV-97-FDW, 2020 WL 1848060, at *4 (W.D.N.C. Apr. 13, 2020) ("Plaintiff's conclusory contention that [Defendant] is a state actor, without any factual allegations to support that conclusion, is itself insufficient to proceed.").

The Court therefore finds that Plaintiff has failed to state a § 1983 claim but provides leave to amend within 45 days of the date of this Order. Because Plaintiff previously received an opportunity to address the same pleading deficiency in *Garrett I* but did not file an amended complaint, the Court is providing one final opportunity to amend.

## III. CONCLUSION

Accordingly, the Court:

(1) **DENIES** Plaintiff's motion to proceed IFP, [Doc. No. 2];

(2) **DISMISSES** Plaintiff's Complaint with leave to amend, [Doc. No. 1]; and

(3) **GRANTS** Plaintiff **forty-five (45) days** leave from the date of this Order to pay the entire $405 civil filing and administrative fee required by 28 U.S.C. § 1914(a) and file an amended complaint. If Plaintiff files an amended complaint, it must be complete by itself and must not refer in any manner to the initial Complaint. If Plaintiff fails to pay the filing fee and file an amended complaint by **January 7, 2027**, the Clerk of Court shall close the case without further order of the Court.

It is **SO ORDERED**.

Dated: November 23, 2026

Hon. Cathy Ann Bencivengo
United States District Judge